1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                  WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
8
MIGUEL GOMEZ CERVANTES,
9
                          Petitioner,              Case No. C10-1439-RSM-JPD
10
11        v.                                       SUPPLEMENTAL REPORT AND
                                                   RECOMMENDATION
12   NATHALIE ASHER,[1] Seattle Field Office
     Director, United States Immigration and
13   Customs Enforcement, *et al*.,

14                         Respondents.

15

16          I.      INTRODUCTION AND SUMMARY CONCLUSION

17          Petitioner Miguel Gomez Cervantes is a native and citizen of Mexico who is subject to a

18   final order of removal.  On September 8, 2010, petitioner, proceeding through counsel, filed a

19   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his immigration

20   detention and seeking an order directing the United States Immigration and Customs

21   Enforcement ("ICE") to release him "on any reasonable conditions that would ensure his

22   appearance at his continued removal proceedings."  Dkt. 1 at 4.  On January 3, 2011, the

23

24          [1] Pursuant to Federal Rule of Civil Procedure 25(d), Nathalie Asher is automatically
     substituted for former Acting Field Office Director Jack Bennett as a respondent in this case.
25   Fed. R. Civ. P. 25(d).

26

undersigned Magistrate Judge issued a Report and Recommendation, recommending that respondents' motion to dismiss be granted and this matter be dismissed with prejudice. Dkt. 17. On April 7, 2011, the Honorable Ricardo S. Martinez, United States District Judge, issued an Order adopting the Report and Recommendation and granting respondents' motion to dismiss, but granted petitioner leave to amend his habeas petition to assert a new claim of ineffective assistance of counsel, noting that the undersigned Magistrate Judge did not have the opportunity to review this assertion because it was raised for the first time in petitioner's objection to the Report and Recommendation. Dkt. 19. On May 8, 2011, petitioner filed an amended petition for writ of habeas corpus and request for release from detention, which was subsequently re-referred to the undersigned Magistrate Judge for consideration. Dkt. 21.

Petitioner's amended habeas petition challenges his immigration detention and seeks an order directing ICE to release him or providing a hearing before an Immigration Judge in which his detention would be reviewed. Dkt. 20 at 5. Respondents subsequently filed a motion to dismiss along with documentation which indicates that petitioner was released on bond on June 30, 2011. Dkts. 23, 24-1. Respondents argue that petitioner's claim for relief has been mooted by his release and should be dismissed. *Id.* In response, petitioner asks that this Court to retain jurisdiction over this matter to address the following issues:

> (1) Whether the 1994 Removal order remains a legal order should the underlying criminal conviction and sentence be vacated in the proceedings now pending before the Washington State Court of Appeals, (2) whether [petitioner's] residence application (filed with the Department of Homeland Security in 2005) has or can be decided, (3) whether these two legal cases were impacted by the ineffective assistance of counsel provided by former attorneys Antonio Salazar and Rembert Rhyls, who was the criminal defense attorney for Mr. Gomez in 1987 when the controlled substance conviction was entered, (4) whether Mr. Gomez was given an adequate opportunity, given the procedural restrictions, to present a claim that his life and freedom were threatened in Mexico on account of his membership in a particular social group, and finally whether he suffered any prejudice as a result of any of the above complaints.

SUPPLEMENTAL REPORT AND
RECOMMENDATION
- PAGE 2

Dkt. 25 at 2.  Respondents reply that the Court lacks jurisdiction to consider petitioner's claims

under the REAL ID Act of 2005.   REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231

(May 11, 2005).  The Court agrees with respondents.

## II.	DISCUSSION

Petitioner requests that the Court retain jurisdiction of his habeas petition, maintain the

temporary stay of removal, and review the order of removal.  Dkt. 20 at 5.  Petitioner claims

without support that "[t]his court has jurisdiction to review the removal matter."  Dkt. 25 at 2.

Petitioner is incorrect.

The REAL ID Act provides that "a petition for review filed with an appropriate court of

appeals in accordance with this section shall be the sole and exclusive means for judicial review

of an order of removal entered or issued under any provision" of the Act.  8 U.S.C. § 1252(a)(5);

*see also* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including

interpretation and application of constitutional and statutory provisions, arising from any action

taken or proceeding brought to remove an alien from the United States . . . shall be available only

in judicial review of a final order under this section"); 8 U.S.C. § 1252(g) ("Except as provided

in this section and notwithstanding any other provision of law, no court shall have jurisdiction to

hear any cause or claim by or on behalf of any alien arising from the decision or action by the

Attorney General to commence proceedings, adjudicate cases, or execute removal orders against

any alien under this chapter").  The law specifically divests district courts of jurisdiction arising

from the removal orders of aliens.  *See id.*  Judicial review of an administratively final order of

removal is only available before the court of appeals having jurisdiction over the district where

petitioner's immigration judge holds seat.  *See* 8 U.S.C. § 1252(a)(5).

SUPPLEMENTAL REPORT AND
RECOMMENDATION
- PAGE 3

"A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act." *Mancho v. Chertoff*, 480 F. Supp. 2d 160, 162 (D.D.C. 2007) (citing *Formusoh v. Gonzales*, No. 3-07-CV-0128-K, 2007 WL 465305 (N.D. Tex. Feb. 12, 2007) (dismissing for lack of subject matter jurisdiction habeas petition of petitioner seeking stay of removal pending resolution of an I-130 petition and an I-485 adjustment of status petition)); *Tale v. United States Dep't of Homeland Sec.*, 2006 U.S. Dist. LEXIS 47577, at *1 (S.D. Tex. July 13, 2006) (finding lack of jurisdiction to grant petitioner preliminary and permanent injunctions barring his deportation prior to the resolution of his claims pending before an immigration judge). Absent statutory or legal authority that creates an exception to the REAL ID Act, this Court lacks subject matter jurisdiction to consider petitioner's habeas challenge or to grant the relief requested.

The Court also notes that it has no jurisdiction to look into the validity of petitioner's plea agreement or the effectiveness of his defense counsel. Rather, such claims must be raised in an application for post-conviction relief filed with the appropriate federal or state court. *See Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010) (holding that defense counsel engaged in deficient performance by failing to advise the defendant of the immigration consequences of his guilty plea). "The availability of post-conviction motions or other forms of collateral attack does not affect the finality of the conviction for immigration purposes, unless or until the conviction has been overturned pursuant to such a motion." *Matter of Ponce De Leon*, 21 I&N Dec. 154, 157 (BIA 1997). Should petitioner show that his conviction has been vacated pursuant to *Padilla* or some other basis, he may seek *sua sponte* reopening of his removal proceedings before the BIA. *See* 8 C.F.R. § 1003.2(a).

III.    CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's amended petition for writ of habeas corpus be denied, respondents' motion to dismiss be granted, and this matter be dismissed with prejudice.  A proposed Order accompanies this Report and Recommendation.

DATED this 5th day of October, 2011.

*James P. Donohue*

_____
JAMES P. DONOHUE
United States Magistrate Judge